IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KAREN BURNETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2514-KHV |
| **SOUTHWESTERN BELL TELEPHONE, L.P.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER OF CERTIFICATION

## TO THE KANSAS SUPREME COURT

Karen Burnett filed suit against Southwestern Bell Telephone, L.P. for violations of the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.* ("FMLA"), and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiff alleges that defendant terminated her employment for taking protected leave under the FMLA and wrongfully discharged her "to prevent her from obtaining certain benefits to which she was entitled." Amended Complaint (Doc. #5) filed December 29, 2005. This matter is before the Court on Southwestern Bell Telephone, L.P's Motion To Dismiss Count II Of Plaintiff's Amended Complaint For Failure To State A Claim Upon Which Relief Can Be Granted (Doc. #9) filed February 3, 2006. For reasons stated below, the Court finds that the issue raised in defendant's motion should be certified to the Kansas Supreme Court.

### Factual Background

Plaintiff's complaint alleges the following facts:

From August of 1996 through March of 2003, plaintiff worked as a service representative for defendant. Defendant has an income disability plan which offers both short-term and long-term disability

benefits. On August 13, 2002, plaintiff began experiencing serious health problems and was unable to work. A doctor diagnosed plaintiff with depression and post-traumatic stress disorder. Plaintiff applied for FMLA leave and short-term disability benefits, which defendant approved for August 30 through November 14, 2002. On December 4, 2002, defendant notified plaintiff that it was denying short-term disability benefits effective November 15, 2002. Plaintiff appealed, and received short-term disability benefits through December 15, 2002. On an unspecified date, plaintiff's immediate supervisor notified her that if she did not return to work on December 16, 2002, defendant would terminate her employment. On December 17, 2002, shortly after plaintiff arrived at work, someone sent her home because of serious health conditions. Plaintiff was hospitalized from December 26 through December 31, 2002, and she received short-term disability benefits from December 17, 2002 through January 31, 2003. Plaintiff returned to work in February of 2003. On February 6, 2003 defendant told plaintiff that absences dating back to October 29, 2002 had been "unprotected" time. On February 8, 2003, defendant placed plaintiff on "decision making leave" for unsatisfactory attendance. Two days later, plaintiff returned to work.

From March 6 to March 16, 2003, plaintiff was hospitalized for an acute pulmonary embolism. On March 21, 2003, defendant terminated her employment for unsatisfactory attendance. Plaintiff received approval for short-term disability benefits from March 13 through May 4, 2003.

On December 9, 2005, plaintiff filed suit, asserting that defendant (1) violated the FMLA by terminating her employment because she took protected medical leave under the FMLA (Count I); and (2) wrongfully discharged her to prevent her from obtaining long-term disability benefits under ERISA (Count II). Defendant seeks to dismiss Count II of plaintiff's claim under Rule 12(b)(6), Fed. R. Civ. P., arguing that the statute of limitations for ERISA claims bars plaintiff's claim for relief on Count II.

2

## Analysis

Defendant argues that a two-year statute of limitations applies to claims under Section 510 of ERISA, 29 U.S.C. § 1140, and that Count II is therefore barred. Plaintiff argues that her wrongful discharge claim under ERISA is analogous to a claim for employment discrimination, and that under Kansas law a three-year statute of limitations applies.

Section 510 of ERISA prohibits an employer from discharging "a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. Congress did not provide a statute of limitations for claims under Section 510 of ERISA. When a federal statute does not provide a statute of limitations, courts look to an analogous statute of limitations provided by state law. Held v. Mfrs. Hanover Leasing Corp., 912 F.2d 1197, 1200 (10th Cir. 1990) (citing Reed v. United Transp. Union, 488 U.S. 319 (1989)). Under Kansas law, "an action for injury to the rights of another, not arising on contract, and not herein enumerated" must be brought within two years. K.S.A. § 60-513(a)(4). An action "upon a liability created by a statute other than a penalty or forfeiture" must be brought within three years. K.S.A. § 60-512(2).

In reliance on Myers v. Colgate-Palmolive Co., 26 F. App'x. 855, 864 (10th Cir. 2002), defendant invokes the two-year statute of limitations for "injury to the rights of another, not arising on contract, and not herein enumerated." In Myers, plaintiff alleged under Section 510 of ERISA that defendant deprived her of ERISA benefits "as a result of her termination of employment." Id. In addressing the applicable statute of limitations under Kansas law, the Tenth Circuit analogized plaintiff's claim to a claim for retaliatory discharge in violation of public policy. Citing Miller v. Foulston, Siefkin, Powers & Eberhardt, 246 Kan. 450, 790 P.2d 404 (1990), it therefore applied the two-year statute of

3

limitations for actions for "injury to the rights of another, not arising under contract."

Plaintiff correctly notes that Myers is an unpublished opinion which is not binding on this Court. The Tenth Circuit generally disfavors citation to unpublished opinions, see Dulworth v. Evans, 442 F.3d 1265, 1269 (10th Cir. 2006), but an unpublished opinion may be cited if it has "persuasive value with respect to a material issue that has not been addressed in a published opinion" and the opinion "would assist the court in its disposition." 10th Cir. R. 36.3. Plaintiff argues that Myers conflicts with the earlier Tenth Circuit decision in Held and the earlier Kansas Supreme Court decision in Wagher v. Guy's Foods, Inc., 256 Kan. 300, 885 P.2d 1197 (1994), and that this Court therefore should disregard Myers.

In Held, the Tenth Circuit construed plaintiff's claim under Section 510 as constituting two distinct causes of action – one for declaratory and injunctive relief and one to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 912 F.2d at 1203. The Tenth Circuit found that under New York law, plaintiff's equitable claim was most analogous to a claim for employment discrimination which was subject to a three-year statute of limitations, while his claim for benefits was most analogous to an action based on contract which was subject to a six-year statute of limitations. See id. at 1205-07. In Myers, the Tenth Circuit discussed its decision in Held, but reached a different conclusion when considering the specific allegations of plaintiff's complaint and applying Kansas law.

Plaintiff also claims that the holding in Myers conflicts with that of the Kansas Supreme Court in Wagher. In Wagher, plaintiff alleged sex discrimination based on refusal to hire under the Kansas Act Against Discrimination ("KAAD"), K.S.A. § 44-1001 *et seq.* Defendant argued that K.S.A. § 60-513, which established a two-year statute of limitations for actions "for injury to the rights of another, not arising

4

on contract, and not herein enumerated," barred plaintiff's claim. The Kansas Supreme Court instead applied the three-year statute of limitations, K.S.A. § 60-512(2), which pertains to liabilities created by a statute other than a penalty or forfeiture. In doing so, it reasoned that plaintiff's employment discrimination claim was an "action upon a liability created by statute."

Whether to follow Myers on the one hand, or Held and Wagher, on the other, is a close question. On balance, this Court would be inclined to follow Wagher and apply a three-year statute of limitations. With all respect to the Tenth Circuit, Myers is not necessarily persuasive because K.S.A. § 60-513(a)(4) governs "an action for injury to the rights of another, not arising on contract, and *not herein enumerated*" (emphasis added). Myers did not address or distinguish Wagher, or consider the fact that plaintiff's claim under Section 510 is arguably an "action upon a liability created by statute" which is arguably subject to a three-year statute of limitations under K.S.A. § 60-512(2). In sum, when evaluating plaintiff's claim under Section 510 of ERISA, the most analogous state law claim may well be a statutory claim for employment discrimination, rather than a common law action for retaliatory discharge.

Pursuant to K.S.A. § 60-3201, a federal district court may certify a question of law to the Kansas Supreme Court if it may be determinative of the cause then pending in the certifying court and it appears there is not controlling precedent on the question in the decisions of the Kansas Supreme Court or Kansas Court of Appeals. The decision to certify rests in the sound discretion of the federal district court. Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990). Certification is particularly appropriate if the question to be certified is novel and the state law unsettled. See id.

Here, resolution of the question by the Kansas Supreme Court may be determinative of plaintiff's ERISA claim. The Court finds no controlling precedent in decisions of the Kansas Supreme Court or the

Kansas Court of Appeals.  On its own motion pursuant to K.S.A. § 60-3201, the Court therefore certifies to the Kansas Supreme Court the following question of Kansas law: With respect to plaintiff's claim that defendant terminated her employment to prevent her from obtaining long-term disability benefits under ERISA, what is the applicable statute of limitations?   **IT IS THEREFORE ORDERED** that the Clerk of this Court forward to the Kansas Supreme Court a copy of this Memorandum And Order, along with copies of the briefs submitted by the parties in support of and in opposition to Southwestern Bell Telephone, L.P's Motion To Dismiss Count II Of Plaintiff's Amended Complaint For Failure To State A Claim Upon Which Relief Can Be Granted (Doc. #9) filed February 3, 2006.  The Clerk shall also comply with any subsequent requests which may be made by the Kansas Supreme Court for the original or copies of all or any portion of the record in this case.

      Dated this 14th day of June, 2006 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              KATHRYN H. VRATIL
                                              United States District Court